IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LINDSAY NICOLE FODGE | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2-03CV-157 DF |
| | § | |
| TOYOTA MOTOR CORPORATION | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff is a resident of Rowlett, Dallas County, Texas.

2. Toyota Motor Corporation is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its president, at 1 Toyota-Cho, Toyota, 0471, Japan.

### B. Jurisdiction

3. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### C. Facts

4. On May 17, 2003, Plaintiff Lindsay Nicole Fodge was driving her 1999 Toyota 4 Runner (VIN # JT3HN87RXX0208439), traveling in the inside lane westbound on IH-30 in Cumby, Hopkins County, Texas when she swerved into the right lane to avoid hitting a dog that had darted in front of her. In making this emergency avoidance maneuver, into the right outside lane, and then left she then lost control and the vehicle began to roll numerous times.

PLAINTIFF'S ORIGINAL COMPLAINT

5. At the time of the accident, Lindsay Nicole Fodge was properly wearing his 3-point belt.

### D. Cause of Action
### As To Defendant Toyota Motor Corporation

6. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

7. The injury occurred because the vehicle in question was not reasonably crashworthy and was not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident because the vehicle is prone to lose control due to handling and control problems.

8. Defendant designed, manufactured, marketed, assembled and tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed and tested because Defendant knew that the vehicle is unsafe and dangerous. Further, the vehicle has inadequate handling and control characteristics which make the vehicle unstable.

9. Defendant was negligent in the design, manufacture, assembly, marketing and testing of the vehicle in question.

10. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiff's damages.

11. The foregoing acts and omissions of Defendant were a producing and/or proximate cause of Lindsay Nicole Fodge's injuries.

### E. Damages to Plaintiff

12. As a result of the acts and/or omissions of Defendant, Plaintiff Lindsay Nicole Fodge has suffered pain and suffering, extreme emotional distress, mental anguish and loss of consortium in the past and, in all likelihood, will into the future as a result of her injuries.

13. As a result of the acts and/or omissions of Defendant, Plaintiff Lindsay Nicole Fodge has suffered lost wages in the past and diminished earning capacity into the future as a result of her injuries.

14. As a result of the acts and/or omissions of Defendant, Plaintiff Lindsay Nicole Fodge has experienced physical impairment and disfigurement as a result of her injuries into the past and in all likelihood, will into the future as a result of her injuries.

15. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries and damages to Plaintiff have caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

### F. Prayer

16. For these reasons, Plaintiff asks for judgment against Defendant for

   a. actual damages;
   b. prejudgment and post-judgment interest beginning;
   c. costs of suit; and
   d. all other relief the court deems proper.

Respectfully submitted,

**TRACY & CARBOY**

_____
E. Todd Tracy
State Bar No. 20178650
5473 Blair Road, Suite 200
Dallas, Texas 75231
214/324-9000 Phone
972/387-2205 Fax

**ATTORNEY FOR PLAINTIFF**